# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| GLC LIMITED, | ) | CASE NO. 11-11090 |
| | ) | |
| DEBTOR. | ) | JUDGE HOPKINS |
| | ) | |

### APPLICATION FOR RETENTION AND EMPLOYMENT OF MORRIS, MANNING & MARTIN, LLP AS COUNSEL TO THE OFFICIAL UNSECURED CREDITORS' COMMITTEE

COMES NOW, the Official Committee of Unsecured Creditors (the "Committee") in the above case, and files this Application to approving the retention, employment and compensation of Morris, Manning & Martin, LLP ("Applicant") as counsel for the Official Unsecured Creditors' Committee (the "Committee") effective nunc pro tunc to March 4, 2011, showing this Court as follows:

## BACKGROUND

1. On February 28, 2011, Debtor GLC Limited ("GLC") commenced a voluntary case under chapter 11 of the United States Bankruptcy Code.

2. On March 4, 2011, the United States Trustee duly appointed the Committee in the above case, whose members consist of:

(1) Karen & Kevin Price (Kevin Price, Chairperson)

(2) J&M Brands, Mike Cheek representative

(3) UGA PRICE, LLC

(4) Tom E. Baugh, Jr.

(5) Maurice Koury (c/o Milton Petty)

3. On March 4, 2011, the Committee was organized and selected Morris, Manning & Martin, LLP as its appointed counsel.

## RELIEF REQUESTED

4. By this Application, the Committee requests entry of an order pursuant to 11 U.S.C. § 327 and Rule 2014 of the Rules of Bankruptcy Procedure approving retention of Applicant as counsel to the Committee. The Committee requests that Applicant be retained to perform the services described in this Application on the terms set forth herein.

## BASIS FOR RELIEF REQUESTED

5. The professional services that Applicant for the Committee will perform are necessary for the protection of the interests of creditors in this case and include, but are not limited to, the following:

(a) preparation of pleadings, motions, and conducting examinations incidental to the administration of this estate;

(b) investigation, analysis, and appropriate action, if required, in connection with the disposition of assets;

(c) investigation, analysis, and appropriate action, if required, for recovery of assets of the estate and the prosecution of claims on behalf of the estate; and

(d) any and all other necessary action incident to the preservation, administration, and recovery of assets of the estate for the benefit of creditors in this case as requested by the Committee.

6. The Committee wishes to employ Applicant as its counsel in this case. Contemporaneous herewith, Frank W. DeBorde and Lisa Wolgast, attorneys employed by Applicant, have submitted motions for pro hac admission with this Court. Applicant and its

partners and associates have knowledge and experience in this area and are well qualified to represent the Committee in this case. Applicant has served as lead counsel in multiple committee representation engagements, including the following, recent representative matters:

- Represented Committee of Unsecured Creditors and was Special Counsel to the Trustee in In re: Southwest Recreational Industries, Inc., United States Bankruptcy Court for the Northern District of Georgia, Rome Division, Case No. 04-40656, In re: Sport Court, Inc., United States Bankruptcy Court for the Northern District of Georgia, Rome Division, Case No. 04-41107, In re: American Sports Int'l Ltd., United States Bankruptcy Court for the Northern District of Georgia, Rome Division, Case No. 04-41108;

- Represented Committee of Unsecured Creditors in In re: Stratus Group, Inc., et al., United States Bankruptcy Court, for the Middle District of Georgia, Albany Division, Case No. 08-11096;

- Represented Committee of Ad Hoc Closing Attorneys in In re: HomeBanc Mortgage Corporation, et al., United States Bankruptcy Court for the District of Delaware, Case No. 07-11079; and

- Represented Committee of Unsecured Creditors in In re: Wellington Leisure Products, Inc., et al., U.S. Bankruptcy Court, Middle District of Georgia, Athens Division, Case Nos. 03-30202 through 03-30218.

7. In addition, Applicant served as co-counsel with Akin Gump representing an Ad Hoc Committee of Bond Holders in In re: Tom's Foods, Inc., United States Bankruptcy Court for the Northern District of Georgia, Columbus Division, Case No. 05-40683. Applicant also served as co-counsel with Akin Gump to the Official Unsecured Creditors Committee in In re: Atherogenics, Inc., United States Bankruptcy Court for the Northern District of Georgia, Atlanta

Division, Case No. 08-78200. Applicant served as co-counsel with Akin Gump representing an Ad Hoc Committee of Bond Holders in In re: Tom's Foods, Inc., United States Bankruptcy Court for the Northern District of Georgia, Columbus Division, Case No. 05-40683.

8. Applicant served as counsel to the Ad Hoc Committee of Noteholders of Debtor (the "Ad Hoc Committee") between November 23, 2010 and March 1, 2011, prior to the Committee's appointment in this case. Applicant's bill for work performed for the Ad Hoc Committee was $50,000. Applicant billed the Ad Hoc Committee for Applicant's services $25,412.95 for the period November 23, 2010 to December 15, 2010, $17,870.86 for the period December 16, 2010 through January 31, 2011 and $6,716.19 for the period February 1, 2011 through March 1, 2011.

9. Applicant's fees were reimbursed from a retainer funded on or about December 7, 2010 by the members of the Ad Hoc Committee, Applicant believes that the individual members pro rata share of the retainers they paid Applicant was reimbursed to them at a later date by GLC.

10. Applicant did not represent individual members of the Ad Hoc Committee other than in their capacity as members of that committee.

11. Applicant does not represent Debtor's twenty largest unsecured creditors. Applicant has not been adverse to any of Debtor's creditors. These creditors are represented by separate counsel in this bankruptcy case, if at all. The Committee believes that there is no actual conflict in Applicant's representation of the Committee with Applicant's current or previous adversity to the previously referenced creditors in unrelated matters. Applicant does not represent, and has not represented, Debtor, its secured creditors, unsecured creditors, or any other party in this bankruptcy case, other than as set forth herein.

12. The Committee is informed and believes that Applicant does not hold or represent any interest adverse to the estate, except for the representation described above, that Applicant is a disinterested person, as defined in 11 U.S.C. § 101(14) and required by 11 U.S.C. § 327(a), with respect to the matters upon which it is engaged, and that its appointment is in the best interest of the estate, creditors, and parties in interest. Pursuant to Federal Rule of Bankruptcy Procedure 2014, attached as **Exhibit A** is the Affidavit of Frank W. DeBorde, which discloses all of Applicant's connections to the parties in interest. Applicant has not seen a list of all creditors (other than secured parties and the top twenty unsecured creditors), and reserves its right to supplement this Application should it appear that Applicant has additional conflicts of interest.

13. In as much as Applicant provided services to the Ad Hoc Committee of Noteholders of Debtor since November 23, 2010 and has provided substantial services to the Committee since February 28, 2011, including representations of the interests of Debtor's unsecured creditors through attendance at telephonic meetings, the first day hearings in this case and negotiations with representatives of Debtor, the Committee believes that the appointment of Applicant should be made effective on a *nunc pro tunc* basis as of March 4, 2011.

14. The Committee is informed and believes that the representation by Applicant for all purposes would be in the best interest of all unsecured creditors of this estate.

15. The Committee submits that the proposed employment of Applicant is not prohibited or improper under Federal Rule of Bankruptcy 5002.

16. Applicant proposes that it be compensated for its services at hourly rates, together with reimbursement of its actual and necessary expenses, in accordance with future orders of the Court, based upon the criteria for professional compensation required by bankruptcy law. A schedule of the currently hourly rates for the attorneys who will have primary responsibility for

this matter is attached as **Exhibit 1** to the Affidavit of Frank W. DeBorde. The Committee submits that such rates are reasonable and should be approved by this Court subject to a determination of the amounts to be paid to Applicant upon application for allowance.

17. Applicant is to be compensated in such amounts as are approved by the Court from time to time.

18. The Committee believes that the retention of Applicant is in the best interests of Debtor and desires to employ Applicant.

## NOTICE

19. The Committee has provided notice of this Application to: (i) the Office of the Untied States Trustee for the Southern District of Ohio; (ii) the creditors listed on Debtor's list of twenty largest unsecured creditors, as filed with Debtor's chapter 11 petition; (iii) counsel for Debtor; (iv) counsel for Gregory and Linda Crabtree; and (v) any governmental unit listed in the Clerk's Register of Federal and State Governmental Units as described in Local Rule 5003-1. In light of the nature of the relief requested, the Debtor submits that no further notice is required or needed under the circumstances.

## NO PRIOR REQUEST

20. No prior application for the relief requested herein has been made by the Committee to this or any other court.

## WAIVER OF MEMORANDUM OF LAW

21. Applicant includes citations to the applicable authorities and a discussion of their application to this Application. Accordingly, the Committee respectfully submits that such citations and discussion satisfy the requirement that the Committee submit a separate memorandum of law in support of this Application pursuant to Local Rule 9013-1(a).

WHEREFORE, the Committee prays that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, (i) authorizing and approving the retention and employment of the law firm of Morris, Manning & Martin, LLP, as counsel for the Committee in this case *nunc pro tunc* as of March 4, 2011, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court and (ii) granting such other and further relief as this Court may deem just and proper.

Dated: March 7, 2011.

Respectfully submitted,

MORRIS, MANNING & MARTIN LLP

/s/ Frank W. DeBorde
Frank W. DeBorde (fwd@mmmlaw.com)
Georgia Bar No. 215415
Lisa Wolgast (lwolgast@mmmlaw.com)
Georgia Bar No. 773399
Morris, Manning & Martin LLP
3343 Peachtree Rd., N.E., Suite 1600
Atlanta, Georgia 30326
Telephone: (404) 504-7714
Facsimile: (404) 365-9532
Email: fwd@mmmlaw.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*