**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**

Jeffery P. Hopkins
United States Bankruptcy Judge

**Dated: October 27, 2011**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| GLC LIMITED, | ) | CASE NO. 11-11090 |
| | ) | |
| DEBTOR. | ) | HONORABLE JEFFERY P. HOPKINS |
| | ) | |
| | ) | RELATED TO DOCKET NO. 312 |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 363 AND BANKRUPTCY RULES 2002 AND 6004 (A) ESTABLISHING BIDDING AND AUCTION PROCEDURES RELATED TO THE SALE OF CERTAIN PROPERTY LOCATED AT 200 AND 202 STATE STREET, PROCTORVILLE, OHIO; (B) SCHEDULING AN AUCTION AND SALE HEARING FOR THE SALE OF THE PROPERTY; (C) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (D) GRANTING CERTAIN RELATED RELIEF**

Upon consideration of the amended motion (the "**Motion**")[1] of the Debtor for entry of an order (the "**Bidding Procedures Order**") (A) establishing bidding and auction procedures (the "**Bidding Procedures**") in connection with the sale of certain property located at 200 and 202 State Street, Proctorville, Ohio (together, the "**Property**") free and clear of all claims (as defined

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

in section 101(5) of the Bankruptcy Code) and any other interests, liens, mortgages, pledges, security interests, rights of first refusal, obligations and encumbrances of any kind whatsoever (collectively, the "**Interests**"); (B) scheduling an auction (the "**Auction**") and sale hearing (the "**Sale Hearing**") for the Sale of the Property; (C) approving notice of the Motion, the Bidding Procedures, the proposed Sale of the Property and the Sale Hearing and approving the form of notice attached to the Motion as Exhibit B (the **"Notice"**); and (D) granting certain related relief; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given, with no objections or requests for hearing having been filed, or all objections having been overruled, as the case may be; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby:

## FOUND AND DETERMINED THAT:

A.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105 and 363[2] and Bankruptcy Rules 2002 and 6004. Venue for this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  Notice of the Motion, the proposed entry of the Bidding Procedures Order, the Bidding Procedures, and the hearing to approve entry of the Bidding Procedures Order (the **"Bidding Procedures Hearing"**) has been provided to the Sale Notice Parties. The Debtor's notice of the Motion, the proposed entry of the Bidding Procedures Order, the Bidding

---

[2] All section references herein shall be to title 11 of the United States Code, unless otherwise indicated.

Procedures, the Auction, and Bidding Procedures Hearing is appropriate and reasonably calculated to provide all interested parties with timely and proper notice under Bankruptcy Rules 2002, 4001, and 6004, and no other or further notice of, or hearing on, the Motion, the proposed entry of the Bidding Procedures Order, the Bidding Procedures or the Bidding Procedures Hearing is required.

C. The Debtor's proposed service of this Bidding Procedures Order on the Sale Notice Parties and provision of notice to the Sale Notice Parties of (i) the proposed Sale of the Property, including the request to compel Gregory and Linda Crabtree to sign a deed conveying the title to the Property at the closing of the Sale of the Property, (ii) the Bidding Procedures, substantially in the form attached hereto as Exhibit 1, (iii) the entry of this Bidding Procedures Order; (iv) the Auction; (v) the Sale Hearing and (vi) the relevant dates and deadlines with respect to the foregoing, in substantially the same form as Exhibit B attached to the Motion, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of each, and no further notice with respect to the foregoing is necessary or required.

D. The Bidding Procedures substantially in the form set forth in the Motion are fair, reasonable, and appropriate and are designed to maximize the value of the Debtor's estate.

E. The Debtor has (i) articulated good and sufficient reasons to this Court to grant the relief requested in the Motion and (ii) demonstrated sound business justifications to support such relief.

F. Entry of this Bidding Procedures Order is in the best interests of the Debtor and its estate and creditors, and all other parties in interest.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:**

1. The Bidding Procedures are hereby APPROVED, and fully incorporated into this Bidding Procedures Order, and shall apply with respect to the proposed Sale of the Property

contemplated by the Motion. The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

2. All objections to the relief requested in the Motion with respect to the Bidding Procedures that have not been withdrawn, waived or settled as announced at the Bidding Procedures Hearing on the Motion, or resolved by stipulation signed by the Debtor and filed with this Court, are overruled.

### Auction and Bidding Procedures

3. The Debtor is authorized (i) to conduct an auction (the "**Auction**") with respect to the Property. The Auction, if any, shall be conducted at the offices of Frost Brown Todd LLC, 3300 Great American Tower, 301 East Fourth Street, Cincinnati, Ohio 45202, (the "**Auction Site**") at 10:00 a.m. (prevailing Eastern time) on November 9, 2011 (the "**Auction Date**"), or at such other place and time or later date as determined by the Debtor. The Debtor shall notify all Qualified Bidders who have submitted Qualified Bids and expressed their intent to participate in the Auction as set forth in the Bidding Procedures of any modification of the Auction Date and/or Auction Site. The Debtor is authorized, subject to the terms of this Bidding Procedures Order, to take all actions necessary, in the discretion of the Debtor, to conduct and implement such Auction.

4. The Debtor may (i) select, in its business judgment, pursuant to the Bidding Procedures the highest or otherwise best offer(s) and the Successful Bidder or Bidders, and (ii) reject any bid that, in the Debtor's business judgment, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules or the Bidding Procedures, or (c) contrary to the best interests of the Debtor and its estate, creditors, interest holders or parties in interest.

5. The failure to specifically include or reference any particular provision, section or article of the Bidding Procedures in this Bidding Procedures Order shall not diminish or impair

the effectiveness of such procedures, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety.

6. The Proposed Purchaser is deemed a Qualified Bidder, and the bid of the Proposed Purchaser for the Property is deemed a Qualified Bid. In the event there are no other Qualifying Bids, the Debtor shall accept the bid of the Proposed Purchaser.

**Additional Notice Provisions**

7. Within one (1) business day after the entry of this Bidding Procedures Order (the "**Mailing Date**") or as soon thereafter as practicable, the Debtor shall serve the Notice and a copy of this Bidding Procedures Order, along with the Bidding Procedures attached hereto as Exhibit 1, by first-class mail, postage prepaid, upon (i) the Office of the United States Trustee for the Southern District of Ohio; (ii) counsel for the Committee; (iii) all entities known to have expressed an interest in a transaction with respect to the Property since the Petition Date; (iv) all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Property; (v) all taxing authorities and applicable governmental agencies having jurisdiction over the Property; (vi) the United States Attorney's Office; (vii) the Internal Revenue Service; (viii) the Securities and Exchange Commission; (ix) the Ohio Attorney General; (x) the list of the Debtor's equity interest holders of record (including Gregory and Linda Crabtree); and (xi) those parties who have filed the appropriate notice requesting notice of all pleadings filed in this chapter 11 case. Except for the required notice expressly provided above in this paragraph, the Debtor shall not be required to provide any further notice of the Motion and/or the relief requested therein, the Bidding Procedures, this Bidding Procedures Order, the Auction, the proposed Sale of the Property, including the request to compel Gregory and Linda Crabtree to sign a deed conveying the title to the Property at the closing of the Sale of the Property, the Sale Hearing or the relevant dates and deadlines with respect to the foregoing.

## Additional Provisions

8. The Debtor is authorized and empowered to take such actions as may be necessary to implement and effect the terms and requirements established under this Bidding Procedures Order.

9. A Sale Hearing to approve the sale of the Property to any Successful Bidder, free and clear of all interests, as well as the Debtor's request to compel Gregory and Linda Crabtree to sign a deed conveying the title to the Property at the closing of the Sale of the Property, shall be held on November 10, 2011 at 10:00 a.m. (prevailing Eastern time), unless otherwise continued upon request by the Debtor.

10. Objections, if any, to any Sale of the Property and entry of the Sale Order, including the request to compel Gregory and Linda Crabtree to sign a deed conveying the title to the Property at the closing of the Sale of the Property, must be filed by November 9, 2011 at 4:00 p.m. (prevailing Eastern time) (the "**Sale Objection Deadline**") and served on (i) the Debtor, c/o James R. Burritt, Mainstream Management, 720 Brixworth Blvd., Suite 200, Knoxville, TN 37934; (ii) counsel to the Debtor, Frost Brown Todd LLC, 3300 Great American Tower, 301 East Fourth Street, Cincinnati, Ohio 45202 (Attn: Ronald E. Gold), and (iii) counsel to the Creditors' Committee, Morris, Manning & Martin, LLP, 1600 Atlanta Financial Center, 3343 Peachtree Road NE, Atlanta, GA 30326 (Attn: Frank W. DeBorde).

11. This Bidding Procedures Order shall be binding on and inure to the benefit of the Debtor, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estate of the Debtor.

12. This Bidding Procedures Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

13. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry.

14. The requirement set forth in Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of Ohio that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Bidding Procedures Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Bidding Procedures and the implementation of this Bidding Procedures Order.

# # #

Copies to: Default List (Also to Be Served By Debtor's Counsel in the Manner Indicated Herein)

# EXHIBIT 1

**[Bidding Procedures]**

## Bidding Procedures

Set forth below are the bidding procedures (the **"Bidding Procedures"**) to be employed with respect to the sale (the **"Sale"**) of certain property located at 200 and 202 State Street, Proctorville, Ohio (together, the **"Property"**) by GLC Limited (the **"Debtor"**), debtor and debtor-in-possession in the chapter 11 case pending in the U.S. Bankruptcy Court for the Southern District of Ohio, Western Division (the **"Bankruptcy Court"**) pending under Case No. 11-11090.

On October 19, 2011, the Debtor filed an *Amended Motion of Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363 and Fed. R. Bankr. P. 2002 and 6004 for (I) Entry of an Order (A) Establishing Bidding and Auction Procedures Related to the Sale of Certain Property Located at 200 and 202 State Street, Proctorville, Ohio; (B) Scheduling an Auction and Sale Hearing for the Sale of the Property; (C) Approving Form and Manner of Notice Thereof; and (D) Granting Certain Related Relief; and (II) Entry of an Order (A) Approving the Sale of the Property Located at 200 and 202 State Street, Proctorville, Ohio Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Compelling Gregory and Linda Crabtree to Sign Deed Conveying Title to the Property; and (C) Granting Certain Related Relief* (the **"Bidding Procedures and Sale Motion"**). On _____, 2011 the Bankruptcy Court entered an order approving the Bidding Procedures set forth herein (the **"Bidding Procedures Order"**). The Bidding Procedures Order also set November 10, 2011 at 10:00 a.m. (prevailing Eastern time) as the date and time the Bankruptcy Court will conduct a sale hearing (the **"Sale Hearing"**). At the Sale Hearing, the Debtor shall seek entry of an order from the Bankruptcy Court authorizing and approving the Sale of the Property to James M. Lundy and Dean Spencer (together, the **"Proposed Purchaser"**) or another Qualified Bidder (as defined below) that the Debtor determines to have made the highest or best offer for the Property, as well as compelling Gregory and Linda Crabtree to sign a deed conveying the title to the Property at the closing of the Sale of the Property.

## Asset to be Sold

The Debtor is offering for sale the Property and Qualified Bidders may submit bids only for all of the Property. The Debtor reserves the right to enter into agreements for the Sale of the Property until the Bid Deadline (as defined below), which agreements, if any, shall be subject to higher or otherwise better bids at the Auction (as defined below).

## The Bidding Process

The Debtor and its advisors, after consultation with the Official Committee of Unsecured Creditors (the **"Committee"**), shall (i) determine whether any person is a Qualified Bidder, (ii) coordinate the efforts of Qualified Bidders in conducting their due diligence investigations, (iii) receive offers from Qualified Bidders, and (iv) negotiate any offers made to purchase the Property (collectively, the **"Bidding Process"**). The Debtor, after consultation with the Committee, shall have the right, in the exercise of its fiduciary duties, to adopt such other rules for the Bidding Process (including rules that may depart from those set forth herein) that will better promote the goals of the Bidding Process.

## Participation Requirements

Any person that wishes to participate in the Bidding Process (a "**Potential Bidder**") must become a "Qualified Bidder" (defined below). As a prerequisite to becoming a Qualified Bidder, a Potential Bidder must deliver (unless previously delivered) to the Debtor and to the Committee at the addresses specified below, by the Bid Deadline (as defined below):

> i. A letter of indication stating the estimated purchase price and consideration for the Property, clearly indicating total cash consideration to be provided to the Debtor at closing and specifying any deductions from the total cash consideration and which items, if any, the Debtor would be required to pay at closing; and
>
> iii. Sufficient information, as may be requested by the Debtor, to allow the Debtor to determine that the bidder has the financial wherewithal to close a sale of the Property, including, but not limited to, a signed commitment for any debt or equity financing, a bank account statement showing the ability of a Potential Bidder to pay cash for the Property, and current audited financial statements (or such other form of financial disclosure and credit-quality support or enhancement acceptable to the Debtor) of the Potential Bidder or those entities that will guarantee the obligations of the Potential Bidder.

A "**Qualified Bidder**" is a Potential Bidder that delivers the documents described in subparagraphs (i) – (ii) above, and that the Debtor, in consultation with the Committee, determines is reasonably likely (based on financial information submitted by the Potential Bidder, the availability of financing, experience and other consideration deemed relevant by the Debtor), to submit a *bona fide* offer and be able to consummate a sale if selected as the Successful Bidder (defined below). Notwithstanding the foregoing, the Proposed Purchaser shall be deemed a Qualified Bidder. Prior to the Auction, the Debtor shall determine, in consultation with the Committee, and shall notify a Potential Bidder, if such Potential Bidder is a Qualified Bidder.

## Due Diligence

Any person that wishes to participate in the Bidding Process must be a Qualified Bidder. Neither the Debtor nor its representatives shall be obligated to furnish information of any kind whatsoever to any person that is not determined to be a Qualified Bidder. The Debtor will afford any Qualified Bidder the time and opportunity to conduct reasonable due diligence; *provided*, *however*, that the Debtor shall not be obligated to furnish any due diligence information after the Bid Deadline. The Debtor will designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from such Qualified Bidders. Neither the Debtor nor any of their respective representatives are obligated to furnish any information to any person other than a Qualified Bidder.

## Bid Deadline

A Qualified Bidder that desires to make a bid shall deliver written copies of its bid and the Required Bid Materials (defined below) to (i) the Debtor, c/o James R. Burritt, Mainstream Management, 720 Brixworth Blvd., Suite 200, Knoxville, TN 37934, (ii) counsel to the Debtor, Frost Brown Todd LLC, 3300 Great American Tower, 301 East Fourth Street, Cincinnati, Ohio 45202 (Attn: Ronald E. Gold), and (iii) counsel to the Creditors' Committee, Morris, Manning & Martin, LLP, 1600 Atlanta Financial Center, 3343 Peachtree Road NE, Atlanta, GA 30326 (Attn: Frank W. DeBorde), not later than 4:00 p.m. (prevailing Eastern time) on November 8, 2011 (the "**Bid Deadline**"). In the event that a bid is determined to be a Qualified Bid for the Property, the Debtor shall deliver a written copy of any such Qualified Bid to the Proposed Purchaser.

## Bid Requirements

All bids, other than the bid of the Proposed Purchaser, must include (unless such requirement is waived by the Debtor) the following information and documents (the "**Required Bid Materials**"):

(i.) A cash purchase price equal to or greater than $82,610.00 (the "**Minimum Bid Amount**"). Any bidder must also provide a representation that in addition to the cash purchase price, if the bidder becomes the Successful Bidder, that the bidder will pay any costs associated with transferring title to the Property and/or any public filings associated with the Sale of the Property.

(ii.) A letter stating that the bidder's offer is irrevocable until the closing of the Sale of the Property on which the Qualified Bidder is submitting a bid.

(iii.) An executed copy of a letter of intent with respect to the purchase of the Property.

(iv.) A cash deposit in the amount of greater than 10% of the bid amount or $8,261.00 (the "**Bid Deposit**") which shall be placed in a segregated account (the "**Escrow Account**"). The Escrow Account shall not be subject to the claims, liens, security interests, or encumbrances of the Debtor's creditors, and funds shall be disbursed from the Escrow Account only as follows: (i) if the Qualified Bidder becomes the Successful Bidder, its Bid Deposit will be applied to the purchase price, or as otherwise provided under any letter of intent between the Debtor and such Successful Bidder, and (ii) if such Qualified Bidder is not the Successful Bidder at the Auction, then its Bid Deposit shall be returned to it (subject to the other provisions of these Bidding Procedures and the terms of its letter of intent with the Debtor).

(v.) A representation of the bidder and written evidence that the bidder has a commitment for financing or other evidence of the bidder's ability to consummate the proposed transaction.

(vi.) The bid shall not request or entitle the bidder to any transaction or break up fee, expense reimbursement, termination or similar type of fee or payment.

(viii.) The bid shall not contain any due diligence, financing or regulatory contingencies of any kind, provided that the bid may be subject to the satisfaction of specific conditions in all material respects at closing.

(ix.) The bid shall fully disclose the identity of each entity that will be bidding for the Property or otherwise participating in connection with such bid, and the complete terms of any such participation.

(x.) The bid shall state that the offering party consents to the core jurisdiction of the Bankruptcy Court.

(xi.) The bid shall include evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the submitted purchase agreement of the bidder, as applicable.

A bid received from a Qualified Bidder that includes all of the Required Bid Materials is a "**Qualified Bid**." The Debtor, in consultation with the Committee, reserves the right to determine the value of any Qualified Bid, and which Qualified Bid constitutes the highest or best offer. Notwithstanding the bid requirements detailed above, the bid of the Proposed Purchaser shall be deemed a Qualified Bid.

### "As Is, With All Faults"

The Sale of the Property shall be on an "as is" and "with all faults" basis and without representations, warranties, or guarantees, express, implied or statutory, written or oral, of any kind, nature, or description by the Debtor, its agents, its representatives or its estate. By submitting a bid, each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Property prior to making its offer, that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Property in making its bid, and that it did not rely upon any written or oral statements, representations, warranties, or guarantees, express, implied, statutory or otherwise, regarding the Property, the financial performance of the Property or the physical condition of the Property, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Bidding Procedures or any letter of intent entered into with any respective Successful Bidder (defined below).

### Free of Any and All Interests

All of Debtor's right, title and interest in and to the Property shall be sold free and clear of any pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon (collectively, the "**Interests**") to the maximum extent permitted by section 363 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the Sale of the Property with the same validity and priority as such Interests applied against the Property.

### The Auction and Auction Procedures

If a Qualified Bid, other than that submitted by the Proposed Purchaser, has been received by the Debtor, the Debtor may conduct an auction (the "**Auction**") with respect to the Property. The Auction shall be conducted at the offices of Frost Brown Todd LLC, 3300 Great American

Tower, 301 East Fourth Street, Cincinnati, Ohio 45202 (the "**Auction Site**") at 10:00 a.m. (prevailing Eastern time) on November 9, 2011 (the "**Auction Date**"), or such other place and time as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids and expressed their intent to participate in the Auction as set forth above.

Except as otherwise provided herein, based upon the terms of the Qualified Bids received, the number of Qualified Bidders participating in the Auction, and such other information as the Debtor determines is relevant, the Debtor, in consultation with the Committee, may conduct the Auction in any manner that it determines will achieve the maximum value for the Property. The Debtor thereafter, in consultation with the Committee, may offer the Property in such successive rounds as the Debtor, in consultation with the Committee, determines to be appropriate so as to obtain the highest or otherwise best bid or combination of bids for the Property. Except as otherwise provided herein, the Debtor, in consultation with the Committee, also may set opening bid amounts in each round of bidding as the Debtor determines to be appropriate.

If Qualified Bidders submit Qualified Bids, then as soon as practicable after the conclusion of the Auction, the Debtor, in consultation with the Committee, shall (i) review each Qualified Bid on the basis of the financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Sale and (ii) identify the highest or otherwise best offers for the Property (to the extent any such bid is acceptable to the Debtor, in consultation with the Committee, each a "**Successful Bid**" and each bidder making such bid, a "**Successful Bidder**"). At the Sale Hearing, the Debtor, after consultation with the Committee, may present any Successful Bids to the Bankruptcy Court for approval. The Debtor reserves all rights not to submit any bid which is not acceptable to the Debtor for approval to the Bankruptcy Court. The Debtor acknowledges that the bid of the Proposed Purchaser is a Qualified Bid and shall be submitted to the Bankruptcy Court for approval in the event that there are no other Successful Bids. Except as otherwise provided herein, the Debtor, in the exercise of its fiduciary duties, may adopt rules for bidding at the Auction that, in its business judgment, will better promote the goals of the Bidding Process, the Bankruptcy Code or any order of the Bankruptcy Court entered in connection herewith.

If no Qualifying Bid is submitted by the Bid Deadline, the Debtor shall cancel the Auction and accept the bid of the Proposed Purchaser (in which case, the Successful Bid shall be the bid of the Proposed Purchaser, and the Successful Bidder shall be the Proposed Purchaser).

### Overbid Amount

There shall be an overbid amount that a Qualified Bidder must bid to exceed the bid of the Proposed Purchaser ("**Overbid Amount**"), and that amount shall be $82,610. The Debtor shall not be allowed or authorized to accept a Qualified Bid amount less than the Overbid Amount, unless the Debtor has deemed the bid of the Proposed Purchaser a Successful Bid.

### Minimum Bid Increment

There shall be a minimum bid increment of at least $1,000 for all bids made by Qualified Bidders. For example, if a Qualified Bidder bids the Overbid Amount, the next bid cannot be less than $83,610 ($82,610 plus $1,000).

5

### Acceptance of Qualified Bids

The Debtor shall sell the Property to any Successful Bidder only upon the approval of a Successful Bid by the Bankruptcy Court after the Sale Hearing. The Debtor's presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Debtor's acceptance of the bid. The Debtor will be deemed to have accepted a bid only when the bid has been approved by the Bankruptcy Court at the Sale Hearing.

### Sale Hearing

A Sale Hearing is scheduled for November 10, 2011 at 10:00 a.m. (prevailing Eastern time) with Objections to the Sale of the Property to be filed on or before 4:00 p.m. (prevailing Eastern time) on November 9, 2011. Following the approval of the Sale of the Property to any Successful Bidder at the Sale Hearing, if the Successful Bidder fails to consummate an approved Sale within ten (10) days following the Sale Hearing, the Debtor shall be authorized, but not required, to deem the next highest or otherwise best Qualified Bid, as disclosed at the Sale Hearing, the Successful Bid, and the Debtor shall be authorized, but not required, to consummate the Sale of the Property with the Qualified Bidder submitting such bid without further order of the Bankruptcy Court. The Debtor, in the exercise of its business judgment, reserves its right to change the date of the Sale Hearing in order to achieve the maximum value for the Property.

### Modifications

The Debtor, in consultation with the Committee, may (a) determine which Qualified Bid, if any, is the highest or otherwise best offer; and (b) reject at any time before entry of an order of the Bankruptcy Court approving a Qualified Bid, any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of sale, or (iii) contrary to the best interests of the Debtor, its estate and creditors.

### Miscellaneous

The Auction and Bidding Procedures are solely for the benefit of the Debtor and the Proposed Purchaser and nothing contained in the Bidding Procedures Order or Bidding Procedures shall create any rights in any other person or bidder (including without limitation rights as third party beneficiaries or otherwise) other than the rights expressly granted to a Successful Bidder under the Bidding Procedures Order.

Except as provided in the Bidding Procedures Order and Bidding Procedures, the Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of the Bidding Procedures Order.